McFaej.and, J.,
delivered the opinion of the court.
Branner brought this action against Webb, administrator de bonis non of the estate of W. A. Branner, dec’d., upon a note executed by said W. A. Branner jointly with J. White, on the 12th July, 1864, payable to H. H. Hubbard, for $1,000 — which note was afterwards transferred to the plaintiff below, G. M. *307 Branner. Among other things, Webb pleaded the statute of two years in favor of personal representatives. John R. Branner, the first- administrator of W. A. Branner’s estate, was qualified as such on the 1st Monday of April, 1865. He died on the 8th of February, 1869. Webb qualified as administrator de bonis non on the 1st Monday of April, 1869. This suit was commenced on the 30th day-of January, 1871. To the plea of the statute of limitations, the plaintiff in substance replied, that the time during which John R. Branner was administrator of said estate should not be counted, because said John R. Branner had specially requested that during this period no suit should be brought — in order to enable the holder and owner of the note to collect the same from White, the principal — and thus save W. A. Branner’s estate. There was verdict and judgment for the plaintiff, and Webb has appealed in error.
It is conceded that under the schedule to the Constitution of 1865, and the Act of May 3d, 1865, the time previous to the 1st day of January, 1867, shall not be estimated — the operation- of the statute Having been suspended from the 6th May, 1861, until the 1st January, 1867. It is also admitted, that six months from the qualification of Webb, as administrator, shall be excluded. Minor v. Webb, 1 Heis., 395. The defendant, Webb, requested the court below to instruct the jury that the plaintiff was fequired to bring his suit within two years from the 1st day of January, 1867. This the court refused, but instructed the jury that the plaintiff was allowed two years and six months *308 from the 1st day of January, 1867, within which to bring his suit. This proposition, as applied to the facts in this record, is erroneous. The statute of limitation in favor of personal representatives is two years. Code, sec. 2784. Section 2274 provides that personal representatives shall be allowed six months from their qualification, to ascertain the condition of the estate, and during this time are not liable to be sued; and section 2760 provides that this six months shall not be taken as part of the time limited for commencing action ágainst such personal representatives. These sections were construed in the case of Maynard v. Fox, 2 Col., 44, and it was held, that the practical result was to give to creditors two years and six months from the qualification of personal representatives, within which to bring their suits. In this case, John R. Branner having been qualified on' the 1st Monday of April, 1865 — he was not liable to be sued for six months from that time, and therefore that time may not be credited as part of the two years; and under the Act of May, 1865, in pursuance to the schedule to the amended Constitution, the time until 1st January, 1867, was excluded from the computation; so that the statute did not begin to run in favor of said administration until the 1st of January, 1867 — but the statute certainly began to run from that date and protected the administration upon the expiration of two years, although the statute did not begin to run until the 1st January, 1867. Still there was nothing to prevent the suit being brought at any time after the expiration of six months -from the 1st Monday of April, *309 1865 — long before the 1st day of January, 1867. Therefore the proposition of the Circuit Judge is erroneous.
It is true, that if the replication of the plaintiff to the statute be established, that is, that the administrator requested no suit to be brought for a period of time, and that excluding this period, two years had not elapsed — this would be a good answer to the statute. But there was no evidence offered of a request for delay after the appointment of the defendant, Webb; and whether, after excluding the period of time during which Branner, the first' administrator, may have requested delay, two years had elapsed, was a question to be decided by a jury upon the proof. The effect of the charge was, to give the plaintiff six months longer time within which to bring his suit, than we think he was entitled to. In other words, we hold that the action was barred upon the expiration of two years from the 1st day of January, 1867— excluding from the computation of this time the period during which the administrator may have requested delay, provided the request meets the requirements of the law on the subject, and excluding also the period during which there was none to sue — that is, from the death of the first administrator until the expiration of six months from the qualification of the second — whereas the Circuit Judge held that 'the act was not barred until two years and six months from 1st January, 1867— excluding, as we infer he instructed them, the period before stated. We cannot, therefore, hold the error to be a mere abstract error — to do so, we would have *310 to decide the facts in dispute. The jury must first decide, after a correct charge.
We do not deem it necessary or proper to decide, whether or not, if the charge were correct, there is evidence to support the verdict. The law upon this subject is well settled. The charge of the Circuit Judge is not in the record, except as above set forth.. For the error indicated, the judgment is reversed and the cause remanded for a new trial.